# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EDITH LOUISSAINT,

        Plaintiff,

vs.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.

_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, EDITH LOUISSAINT, by and through undersigned counsel, and brings this action against the Defendant, SELECT PORTFOLIO SERVICING, INC. ("SPS"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for Defendant's failure to comply with Section 2605(k) of RESPA and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, SPS was and is a foreign Corporation, incorporated under the laws of the State of Utah, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee FL 32301.

8. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

9. At some point in time prior to the violations alleged herein, SPS was hired to service the subject loan.

10. At all times material hereto, SPS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by SPS and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NE 142nd Street, North Miami, Florida 33161-3318.

## BACKGROUND AND GENERAL ALLEGATIONS

11. On or about December 5, 2002, Plaintiff entered into a promissory note agreement with First NLC Financial Services, LLC (the "Note").

12.     The Note was secured by a mortgage on Plaintiff's residence located at **** NE 142nd Street, North Miami, Florida 33161-3318 (the "Mortgage").

13.     The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

14.     On or around September 2014, Plaintiffs retained Loan Lawyers, LLC ("Loan Lawyers") in a fight to save her home.

15.     Given that Plaintiff has owned and lived in her home since 2002, Plaintiff was eager to pursue every available remedy and protection afforded to her by Congress or otherwise.

16.     Further, in light of the recent financial crisis, Plaintiff wished to obtain all vital information from her loan servicer to enable her make the most informed decisions moving forward, and to safeguard her individual interests.

17.     This is of great importance because so many of today's loans and mortgage statements are replete with mistakes, inaccuracies, and occasionally—fraud.

18.     The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

19.     Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

20. Plaintiff had legitimate concerns about specific charges that were being added to Plaintiff's account.

21. In an effort to utilize the protections afforded to consumers by Congress, on or about September 9, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to SPS a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). SPS received Plaintiff's RFI on or about September 12, 2014.

22. A true and correct copy of same is attached as Exhibit "A".

23. Plaintiff's RFI asked SPS, among other things, to provide a detailed explanation and supporting documenation of various fees/charges imposed on a May 15, 2014, mortgage statement issued by SPS.

24. SPS, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

25. SPS, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

26. On September 16, 2014, SPS sent a written acknowledgement of Plaintiff's RFI to Plaintiff's counsel.

27. A true and correct copy of same is attached hereto as Exhibit "B".

28. The written acknowledgment stated that "If other items were raised in [Plaintiff's RFI"], they will be addressed under separate cover." *See* Exhibit "B".

29. Having not received a response to Plaintiff's RFI within thirty (30) business days thereafter, and in an attempt to amicably resolve the above issues, Plaintiff's counsel sent SPS a

letter informing SPS that to date, Plaintiff had not received a response to Plaintiff's RFI. The letter provided SPS with an additional seven (7) days to provide the requested information.

30. A true and correct copy of the letter is attached hereto as Exhibit "C".

31. To date, SPS has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(d)(1) and to 12 C.F.R. § 1024.36(d)(2)(i)(B).

## COUNT I – VIOLATION OF 12 U.S.C. § 2605(k)

32. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 31.

33. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

34. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed.*

*Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

35. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

36. SPS has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that SPS did not provide a written response to a request for information within the required timeframe.

37. As such, SPS has violated 12 U.S.C. § 2605(k)(1)(E).

38. Plaintiff attempted to amicably resolve the above-issues prior to the filing of this lawsuit. *See* Exhibit "C".

39. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

40. Plaintiff is entitled to actual damages as a result of Defendant, SPS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to SPS's failure to respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 736 F.3d 711, 721 (6th Cir. 2013)(the court finding that expenses became actual damages when servicer ignored its statutory duties); Soriano v. Countrywide Home

Loans, Inc., Case No. 09-CV-02415-LHK (N.D. Ca. 2011)(the court finding that actual damages include attorney's fees incurred when attorney sent follow-up correspondence for deficient QWR response); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

41. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SPS's pattern or practice of noncompliance with Regulation X and RESPA.

42. In this case alone, SPS has violated three (3) separate provisions of Regulation X and RESPA—12 C.F.R. § 1024.36(d)(1), 12 C.F.R. § 1024.36(d)(2)(i)(B), and 12 U.S.C. § 2605(k)(1)(E).

43. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to SPS, relating to other clients under the applicable statutes, in which SPS failed to acknowledge or adequately respond as required by law.

44. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, EDITH LOUISSAINT, respectfully asks this Court to enter an order granting judgment for the following:

(a) That SPS be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, EDITH LOUISSAINT, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786